UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

SANJEEV JAKHETE,

      PLAINTIFF,

CASE NO. _____

vs.

JOHN TAVLARIOS and
GLOBAL WATER INVESTMENTS, LLC.
a Delaware Limited Liability Company, and
AQUA PULSAR, LLC., a Delaware Limited
Liability Company.

      DEFENDANTS.
_____/

# **COMPLAINT**

PLAINTIFF SANJEEV JAKHETE ("PLAINTIFF") hereby complains of JOHN TAVLARIOS ("TAVLARIOS,") GLOBAL WATER INVESTMENTS, LLC. a Delaware Limited Liability Company ("INVESTMENTS"), and AQUA PULSAR, LLC., a Delaware Limited Liability Company (collectively "DEFENDANTS") and allege as follows:

**I.     INTRODUCTION**

1. This is an action sounding in numerous causes of action between citizens of different states seeking damages in excess of seventy-five thousand dollars ($75.000.00) and otherwise within the jurisdiction of this Court.

**II.    THE PARTIES**

2. PLAINTIFF is a resident of the State of Florida at all times material hereto and is otherwise sui juris.

3. TAVALARIOS is a resident of the State of Connecticut at all times material hereto and is otherwise sui juris.

*BRADLEY LEGAL GROUP, P.A.* 1217 East Broward Boulevard, Fort Lauderdale, Florida, 33301   Phone: (954) 523-6160   Web: www.bradlegal.com

1

4. INVESTMENTS is a Delaware Limited Liability Company doing business in the State of Florida and this District at all times material hereto. INVESTMENTS is a foreign corporation registered to do business in the State of Florida having its principal place of business at 3275 S.E. 42nd Ave, Palm City, FL 34990.

5. AQUA PULSAR, LLC. is a Delaware Limited Liability Company doing business in the State of Florida and this District at all times material hereto. AQUA PULSAR, LLC. is also a foreign corporation registered to do business in the State of Florida having its principal place of business at 3275 S.E. 42nd Ave, Palm City, Florida, 34990.

## III. JURISDICTION

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and the amount in controversy.

7. This Court has personal jurisdiction over DEFENDANTS because each Defendant has committed and continues to commit tortious acts and transacts business in the State of Florida and in this District.

8. The Court also has personal jurisdiction over INVESTMENTS because it has a continuous, systematic, and substantial presence within this Judicial District and within Florida.

9. The Court also has personal jurisdiction over AQUA PULSAR, LLC. because it has a continuous, systematic and substantial presence within this Judicial District and within Florida, including the operation of a facility in the Judicial District.

10. The Court also has personal jurisdiction over TAVLARIOS because he directs and controls the actions of INVESTMENTS and AQUA PULSAR, LLC. and as such has a continuous, systematic and substantial presence within this Judicial District and within Florida, including the administration and operation of a facility in the Judicial District.

*BRADLEY LEGAL GROUP, P.A.* 1217 East Broward Boulevard, Fort Lauderdale, Florida, 33301   Phone: (954) 523-6160   Web:  www.bradlegal.com

2

11. In addition, by committing acts of libel, intentional interference with and advantageous business relationship and breach of fiduciary duty in this Judicial District, DEFENDANTS' acts form a substantial part of the events or omissions giving rise to PLAINTIFF'S claims.

## IV. VENUE

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because INVESTMENT and AQUA PULSAR, LLC.'s principal place of business is in the District, DEFENDANTS transact business within this District and a substantial part of the events giving rise to this action occurred in this District. Additionally, PLAINTIFF has suffered and is suffering harm in this District as well.

13. TAVLARIOS directs and controls that actions of INVESTMENTS and AQUA PULSAR, LLC. and their decision making including, but not limited to, the illegal and tortious activities described in this Complaint, from its offices in this Judicial District subjecting him to the venue of this Court.

## V. COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

14. In 2018 PLAINTIFF sold assets in an entity named "Global Water Holdings, LLC." to INVESTMENTS. The assets included a number of granted U.S. Patents and/or pending patent applications and personal property. This litigation deals with issues arising after that asset transfer.

15. INVESTMENTS was and remains under the direction and control of TAVLARIOS.

*BRADLEY LEGAL GROUP, P.A.* 1217 East Broward Boulevard, Fort Lauderdale, Florida, 33301   Phone: (954) 523-6160   Web: www.bradlegal.com

3

16. Following the asset sale, TAVLARIOS and INVESTMENTS represented to PLAINTIFF that he would receive a thirty-five percent (35%) ownership interest in INVESTMENTS and any entity which would own and or exploit the assets sold.

17. INVESTMENTS has never issued a membership certificate to PLAINTIFF representing that interest.

18. INVESTMENTS has never drafted nor have the members approved and executed an Operating Agreement.

19. Upon information and belief INVESTMENTS has never conducted organizational or annual corporate meetings, created minutes, issued membership shares nor complied with the requirements to maintain the corporate format as regards its members.

20. PLAINTIFF has never received notice of the same nor executed any documents regarding the company's legal or administrative structure including but not limited to membership certificates, minutes, waivers or notice or operating agreements.  PLAINTIFF has made request for copies of such documents, but INVESTMENTS has not delivered them.

21. Upon information and belief, PLAINTIFF is a thirty-five percent (35%) owner in INVESTMENTS based on receipt of an IRS form K-1 filed by INVESTMENTS for the years 2018, 2019, 2020 and 2021.

22. Upon information and belief TAVLARIOS and INVESTMENTS created other entities to exploit and monetize the assets of INVESTMENTS for their own benefit and to the detriment of PLAINTIFF.

23.  One such entity was AQUA PULSAR, LLC. which TAVLARIOS created following the asset transfer to INVESTMENTS.

*BRADLEY LEGAL GROUP, P.A.* 1217 East Broward Boulevard, Fort Lauderdale, Florida, 33301   Phone: (954) 523-6160   Web:  www.bradlegal.com

4

24. Upon information and belief TAVLARIOS and AQUA PULSAR, LLC. have never conducted organizational or annual corporate meetings, created minutes, issued membership shares nor complied with the requirements to maintain the corporate format as regards its members.

25. PLAINTIFF has never received notice of the same nor executed any documents regarding AQUA PULSAR, LLC.'S legal or administrative structure including but not limited to membership certificates, minutes, waivers of notice or operating agreements.  PLAINTIFF has made request for copies of such documents, but AQUA PULSAR, LLC. has not delivered them.

26. PLAINTIFF has been provided an IRS K-1 from AQUA PULSAR LLC. for the years 2018, 2019, 2020 & 2021.  The AQUA PULSAR, LLC. K-1 shows a capital account balance for PLAINTIFF and TAVLARIOS of $175,000.00 each.  Despite PLAINTIFF's request, neither TAVLARIOS nor AQUA PULSAR, LLC. has ever explained nor accounted for such accounting, tax planning or tax preparation.

27. Neither INVESTMENTS nor AQUA PULSAR, LLC. has ever paid PLAINTIFF any dividends nor provided PLAINTIFF with any accounting for its income, expenses or capital accounts.

28. Upon information and belief, TAVLARIOS has created a scheme whereby INVESTMENTS held the subject U.S. Patents and licensed them to AQUA PULSAR without any monetary consideration.

29. By engaging in such a scheme TAVLAORIOS and INVESMENTS converted thirty-five percent (35%) of the reasonable license fee for the use of said U.S. Patents, which should have been paid to PLAINTIFF, for their own benefit.

*BRADLEY LEGAL GROUP, P.A.* 1217 East Broward Boulevard, Fort Lauderdale, Florida, 33301   Phone: (954) 523-6160   Web: www.bradlegal.com

5

30. Further, TAVLARIOS and INVESTMENTS siphoned off income from AQUA PULSAR, LLC. to TAVLAORIOS and his family members by employing them in high paying positions in AQUA PULSAR, LLC. further depriving PLAINTIFF of the assets of AQUA PULSAR, LLC. and depriving PLAINTIFF of the benefit of his thirty-five percent (35%) income interest.

31. The foregoing scheme was conducted by TAVLAORIOS and INVESTMENTS without PLAINTIFF's approval, advanced knowledge, or consent.

32. PLAINTIFF is the inventor of the technology underlying the U.S. Patents owned by INVESTMENTS.

33. PLAINTIFF is the sole employee of AQUA PULSAR, LLC. with the know how to make the inventions described in the patents operate in their use in the field, specifically including the oil and gas industry.

34. That know-how included the knowledge and ability to create mobile water treatment facilities capable of being easily moved on site and operational using the inventions described in one or more of the subject Patents.

35. Through 2021 the business of AQUA PULSAR, LLC. involved the exploitation of one or more of the U.S. Patents selling Electro-Oxidation equipment for issues related to Oil field related water treatment process.

36. Although his equity ownership did not require him to work, PLAINTIFF agreed to and did work for AQUA PULSAR, LLC. building and implementing such devices from 2018 until April of 2022.

*BRADLEY LEGAL GROUP, P.A.* 1217 East Broward Boulevard, Fort Lauderdale, Florida, 33301   Phone: (954) 523-6160   Web: www.bradlegal.com

6

37. In exchange for such work AQUA PULSAR paid PLAINTIFF an annual salary of one hundred thousand dollars ($100,000.00) per year until December 2021. PLAINTIFF was required to work an average of sixty (60) hours per week by AQUA PULSAR, LLC.

38. Despite working many hours of overtime, INVESTMENTS failed to pay PLAINTIFF any overtime wages.

39. In late 2021 PLAINTIFF requested an increase in compensation for his work efforts commensurate with the time he was dedicating to AQUA PULSAR, LLC.

40. AQUA PULSAR, LLC. refused to increase PLAINTIFF's compensation.

41. As a result, PLAINTIFF advised of his intention to end his employment with AQUA PULSAR, LLC. but to retain his membership interest in the AQUA PULSAR, LLC. and INVESTMENTS.

42. PLAINTIFF made a proposal to end his employment and act as an independent consultant in order to receive compensation commensurate with his work efforts which was declined by TAVLARIOS and AQUA PULSAR, LLC.

43. Despite failing to resolve the matter in good faith and providing PLAINTIFF fair compensation, PLAINTIFF agreed to continue wrapping up two projects for AQUA PULSAR, LLC. scheduled to be completed in April 2022.

44. Notwithstanding PLAINTIFF's work efforts AQUA PULSAR, LLC. failed to pay PLAINTIFF for his work from January through the end of April 2022.

45. In March 2022 PLAINTIFF was working on two mobile water filtrations units, known as "AP72 trailer-based units." No deadline was made by AQUA PULSAR, LLC. or its client for the units.

*BRADLEY LEGAL GROUP, P.A.* 1217 East Broward Boulevard, Fort Lauderdale, Florida, 33301   Phone: (954) 523-6160   Web: www.bradlegal.com

7

46. In late March 2022, without advanced notice, TAVLARIOS and AQUA PUSLSAR, LLC., demanded the completion of the AP-72 units by PLAINTIFF by April 1st, 2022, despite failing to pay PLAINTIFF for his services.

47. On or about April 1st, 2022, PLAINTIFF advised TAVLARIOS and AQUA PULSAR, LLC. that the units were approximately ninety-five percent (95%) finished but <u>not</u> complete.

48. Despite their lack of completion, AQUAL PULSAR, LLC. took possession of the units and transported them to a client's location in Midland, Texas. The first trailer was shipped on 12th April 2022 and the second trailer on 22nd April 2022.

49. Upon information and belief, the AP72 units arrived safely and worked well.

50. Thereafter, TAVLARIOS made threats to PLAINTIFF regarding his responsibility for "potential problems" with the units, despite TAVLARIOS and AQUA PULSAR, LLC intentionally and knowingly taking possession of the units in their incomplete status and not paying PLAINTIFF for the work.

51. During this period PLAINTIFF spoke to representatives from Occidental Petroleum ("Oxy,") a company he had known from his past 20 years working in the business, about using similar technology for uses and solutions never before serviced by AQUA PULSAR, LLC.  Such uses would have either involved the purchase of device(s) covered by one or more of the U.S. Patents  from AQUA PULSAR, LLC. or using non-infringing technology.

52. On April 14, 2022, TAVLARIOS created an email which he published to third parties including but not limited to Oxy.  See: ***Exhibit A,*** attached.  The email contained knowingly false statements accusing PLAINTIFF of "abandoning his responsibilities as Chief

***BRADLEY LEGAL GROUP, P.A.*** 1217 East Broward Boulevard, Fort Lauderdale, Florida, 33301   Phone: (954) 523-6160   Web: www.bradlegal.com

8

Technology Officer of Aqua Pulsar" and "directly hurting the company and its ability of properly moving forward."

53. Knowing of PLAINTIFF's relationship, TAVLARIOS further advised Oxy, by method presently unknown, that PLAINTIFF had used, transferred, or stolen proprietary information from AQUA PULSAR, LLC. in PLAINTIFF's communications with them. Those communications were also knowingly false.

54. TAVLARIOUS published the April 13, 2022, email, Exhibit A, and other communications to Oxy and unknown other business associates of PLAINTIFF with the intent of harming PLAINTIFF and interfering with his advantageous business relationships.

55. TAVLARIOS made further threats to initiate litigation against PLAINTIFF indicating he was in violation of some undescribed restriction from ending his work with AQUA PULSAR, LLC.

56. TAVLARIOS' wrongful threats included alleged theft of trade secretes or confidential company information which he characterized as the identity of third-party entities in the oil and gas industry and PLAINTIFF's email address, neither of which are in fact confidential.

57. TAVLARIOS further threatened that any attempt to "work around" the U.S. Patents owned by INVESTMENTS by PLAINTIFF in furthering new inventions was illegal, when the basic tenets of U.S. Patent law require any user of technology to avoid "reading on" (i.e., working or designing around) the claims of a U.S. Patent.

58. TAVLARIOS and AQUA PULSAR, LLC. published these knowingly false claims to third parties including Oxy in order to damage PLAINTIFF's reputation and ability to

*BRADLEY LEGAL GROUP, P.A.* 1217 East Broward Boulevard, Fort Lauderdale, Florida, 33301   Phone: (954) 523-6160   Web: www.bradlegal.com

9

earn a living and to keep him under TAVLARIOS thumb in an indentured servant role with AQUA PULSAR, LLC.

59. On April 13, 2022, TAVLARIOS made a demand on PLAINTIFF for a claimed capital contribution of the AQUA PULSAR of $625,730.71 without any legal or contractual basis for the same. TAVLARIOS failed to indicate how or why PLAINTIFF would be responsible for such a demand which far exceeds the sums paid to PLAINTIFF for his three- and one-half years working for AQUA PULSAR, LLC. Despite demand from PLAINTIFF's counsel for a basis for the same, TAVLARIOS and AQUA PULSAR, LLC. failed to provide the same. The demand is entirely without merit and is part of TAVLARIOS's scheme to illegally restrict and restrain PLAINTIFF's employment and keep him from leaving his employment with AQUA PULSAR, LLC.

60. PLAINTIFF never executed any employment agreement, non-competition agreement, non-disclosure agreement, capital call/investment agreement or a non-circumvention agreement with INVESTMENTS or AQUA PULSAR, LLC.

61. PLAINTIFF has not used any confidential or trade secret information from INVESTMENTS or AQUA PULSAR, LLC. in any manner.

62. PLAINTIFF has not infringed on any of the U.S. Patents of INVESTMENTS in any manner.

63. The current marketplace and state of the art includes a number of machines in existence today which perform the same function as the inventions described in one or more of INVESTMENTS' U.S. Patents.

*BRADLEY LEGAL GROUP, P.A.* 1217 East Broward Boulevard, Fort Lauderdale, Florida, 33301   Phone: (954) 523-6160   Web: www.bradlegal.com

10

64. PLAINTIFF has not breached any fiduciary duty which he has to INVESTMENTS, AQUA PULSAR, LLC. or TAVLARIOS. To the contrary they have breached their fiduciary duty to PLAINTIFF.

VI. **LEGAL CLAIMS**

**Count I**
**Declaratory Relief**
**(against INVESTMENTS and AQUA PULSAR, LLC.)**

65. PLAINTIFF realleges paragraphs 1 through 64 as if fully set forth herein.

66. There is a bona fide, actual, present, practical need for the requested declarations.

67. The requested declarations deal with present, ascertained, or ascertainable state of facts or present controversy as to a state of facts, specifically:

    a. whether PLAINTIFF is somehow restricted in his employment outside of AQUA PULSAR, LLC;

    b. whether the communication by PLAINTIFF to third parties in the oil and gas industries, including the use of an email address, is somehow a disclosure of confidential or trade secret information;

    c. whether the communication by PLAINTIFF to third parties in the oil and gas industries is somehow a breach of fiduciary duty by PLAINTIFF;

    e. whether PLAINTIFF's actions attempting to work with third parties in the oil and gas industries using devices other than INVESTMENTS patented devices for uses and solutions not serviced by AQUA PULSAR is somehow prohibited;

68. The rights of PLAINTIFF are dependent on the facts or the law applicable to the facts sought to be declared.

*BRADLEY LEGAL GROUP, P.A.* 1217 East Broward Boulevard, Fort Lauderdale, Florida, 33301   Phone: (954) 523-6160   Web:  www.bradlegal.com

11

69. The PLAINTIFF and DEFENDANTS have, or reasonably may have, an actual, present, adverse, and antagonistic interest in the subject matter, either in fact or law especially in light of TAVLARIOS and AQUA PULSAR, LLC.'s threats of litigation.

70. The antagonistic and adverse interests are all before this Court by proper process.

71. The relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

## Count II
### Intentional Interference with Advantageous Business Relationships
**(against TAVLARIOS, AQUA PULSAR, LLC. and INVESTMENTS)**

72. PLAINTIFF realleges paragraphs 1 through 64 as if fully set forth herein.

73. An advantageous business relationship exists between PLAINTIFF and a third parties, including, but not limited to, Occidental Petroleum Corporation ("Oxy") under which the PLAINTIFF has legal rights.

74. DEFENDANTS have knowledge of the referenced advantageous business relationship.

75. DEFENDANTS have caused an intentional and unjustified interference with the PLAINTIFF's advantageous business relationships with third parties, which has induced or otherwise caused such third parties not to perform in accordance with the advantageous business relationship.

76. PLAINTIFF has suffered damage resulting from the third person's failure to perform according to the advantageous business relationship based on the actions of the DEFENDANTS.

## Count III
### Breach of Fiduciary Duty
**(against TAVLARIOS, AQUA PULSAR, LLC. and INVESTMENTS)**

***BRADLEY LEGAL GROUP, P.A.*** 1217 East Broward Boulevard, Fort Lauderdale, Florida, 33301   Phone: (954) 523-6160   Web: www.bradlegal.com

12

77. PLAINTIFF realleges paragraphs 1 through 64 as if fully set forth herein.

78. DEFENDANTS have a fiduciary duty to PLAINTIFF as a 35% shareholder.

79. DEFENDANTS have breached that duty in numerous ways including but not limited to the following:

    a. failing to issue membership certificate in INVESTMENTS and AQUA PULSAR, LLC.;

    b. failing to properly license one or more of the U.S. Patents held by INVESTMENTS;

    c. failing to obtain reasonable compensation for INVESTMENTS the use of a product covered by one or more of the U.S. Patents;

    d. failing to properly account for the income, expenses, and capital accounts of INVESTMENTS and AQUA PULSAR, LLC.;

    e. employing the siblings of TAVLAROS by AQUA PULSAR, LLC. including paying them inflated wages in order to siphon money out of AQUA PULSAR

    f. failing to properly manage the financials, taxes and accounting of INVESTMENTS and AQUA PULSAR, LLC.; and

    g. intentionally misrepresenting the financial status of INVESTMENTS and AQUA PULSAR, LLC.;

    h. damaging the customer relationships of AQUA PULSAR, LLC. in order to illegally interfere with the customer's proper legal relationship PLAINTIFF outside the course and scope of AQUA PULSAR, LLC.S' product and service line

    i. taking independent decisions without consultation with members, including PLAINTIFF, after taking control of INVESTMENTS;

*BRADLEY LEGAL GROUP, P.A.* 1217 East Broward Boulevard, Fort Lauderdale, Florida, 33301   Phone: (954) 523-6160   Web: www.bradlegal.com

13

   j.  making all financial decisions and all company strategic decisions without consultation of the members, including PLAINTIFF, including building two AP-72 trailer-based units and/or shipping the units to customers in an uncompleted condition.

   k.  making all financial decisions for AQUA PULSAR, LLC. and INVESTMENTS without notice, consent or approval or the other members, including PLAINTIFF, such that by TAVLARIOS' statements, put them in debt of almost two million dollars ($2,000,000.00.); and

   l.  failing to disclose, discuss and review financial issues of the INVESTMENTS and AQUA PULSAR, LLC. for purposed of budgeting or tax preparation.

80. PLAINTIFF has been proximately damaged by DEFENDANTS' breach of fiduciary duty.

81. On information and belief, DEFENDANTS have gained profits by virtue of their above-described wrongful actions.

82. PLAINTIFF has sustained damages as a direct and proximate result of DEFENDANTS' actions in an amount to be proven at trial.

83. DEFENDANTS' acts complained of herein are unlawful and have injured and damaged PLAINTIFF.

84. DEFENDANTS' aforementioned acts have damaged PLAINTIFF in an amount to be determined at trial.

**Count IV**
**<u>Libel</u>**
**(against TAVLARIOS, AQUA PULSAR, LLC. and INVESTMENTS)**

85. PLAINTIFF realleges paragraphs 1 through 64 as if fully set forth herein.

***BRADLEY LEGAL GROUP, P.A.*** 1217 East Broward Boulevard, Fort Lauderdale, Florida, 33301   Phone: (954) 523-6160   Web: www.bradlegal.com

14

86. DEFENDANTS have published defamatory and false statements of material fact about PLAINTIFF as set forth herein with knowledge or reckless disregard as to their falsity.

87. DEFENDANTS' libelous publication of such falsities has caused PLAINTIFF actual damages

### Count V
### Accounting
### (against AQUA PULSAR, LLC. and INVESTMENTS)

88. PLAINTIFF realleges paragraphs 1 through 64 as if fully set forth herein.

89. DEFENDANTS AQUA PULSAR, LLC. and INVESTMENTS owe PLAINTIFF and accounting based on the legal relationship of the entities to their Member, PLAINTIFF.

90. AQUA PULSAR, LLC. and INVESTMENTS have failed and refused to provide any accounting to PLAINTIFF.

91. The legal relationship between PLAINTIFF, INVESTMENTS and AQUA PULSAR, LLC. involve extensive or complicated accounts.

92. PLAINTIFF has a clear legal right to the remedy of accounting from INVESTMENTS and AQUA PULSAR, LLC.

93. INVESTMENTS and AQUA PULSAR, LLC. by their actions have irreparably injured PLAINTIFF. Such irreparable injury will continue unless INVESTMENTS and AQUA PULSAR, LLC. are required to account to PLAINTIFF which will otherwise leave PLAINTIFF without an adequate remedy at law.

VII. **PRAYER FOR RELIEF**

*WHEREFORE,* PLAINTIFF prays for judgment against DEFENDANTS as follows:

1. That the Court render a final judgment in favor of PLAINTIFF and against DEFENDANTS on all claims of relief alleged herein;

*BRADLEY LEGAL GROUP, P.A.* 1217 East Broward Boulevard, Fort Lauderdale, Florida, 33301   Phone: (954) 523-6160   Web: www.bradlegal.com

15

2. That the Court render a final judgment declaring the rights of PLAINTIFF and DEFENDANTS;

3. That DEFENDANTS be required to account to PLAINTIFF for any and all profits derived by DEFENDANTS and all damages sustained by PLAINTIFF by virtue of DEFENDANTS' acts complained of herein;

4. That DEFENDANTS be ordered to pay over to PLAINTIFF all monetary damages which PLAINTIFF has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

5. That PLAINTIFF be awarded such other and further relief and the Court may deem just.

6. That PLAINTIFF be awarded injunctive relief prohibiting DEFENDANTS from contacting third parties and from publishing or distributing any further false and/or defamatory statements about Plaintiff.

## VIII. DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, PLAINTIFF hereby demands a trial by jury of all issues so triable.

Respectfully submitted,
**BRADLEY LEGAL GROUP, P.A.**

Date: May 04, 2022                     By: _____/s/ John F. Bradley_____
                                       Attorneys for PLAINTIFF,
                                       Sanjeev Jakhete
                                       1217 East Broward Boulevard
                                       Fort Lauderdale, FL 33301
                                       (954) 523-6160
                                       Email: jb@bradlegal.com

***BRADLEY LEGAL GROUP, P.A.*** 1217 East Broward Boulevard, Fort Lauderdale, Florida, 33301   Phone: (954) 523-6160   Web: www.bradlegal.com

16